UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN L. RACKLEY, | ) | CASE NO.: 1:16CV1845 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| BRIGHAM SLOAN, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Steven J. Rackley. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter concluded that Rackley's petition was barred by the one-year statute of limitations contained in the AEDPA. Rackley has objected to numerous aspects of the R&R analysis of the statute of limitations.

In finding that Rackley was outside the one-year statute of limitations, the R&R initially noted that 233 days passed between Rackley's conviction and his motion for a final appealable order. In evaluating each step of the R&R's statutory tolling review, there is no question that Rackley's petition was filed well beyond the one-year mark. Rackley has raised no objection to the R&R's review of the statutory tolling provisions of the AEDPA.

Rackley, however, contends that the R&R erred in its review of his arguments for statutory tolling. In rejecting Rackley's argument, the R&R made note of the fact that Rackley had made no effort to demonstrate when he learned of his right to appeal. Moreover, Rackley did nothing to demonstrate that he was diligent in his efforts to discover and present the right. Instead, the R&R properly concluded that Rackley was not diligent when it took him 233 days to file his first motion with the trial court. In his objections, Rackley gives an extensive review of Ohio law and filing requirements – none of which have any applicability to the review conducted by the R&R. Moreover, none of Rackley's assertions cast any doubt on the conclusion that he did not diligently act to discovery his right to appeal. As such, he has shown no error in the R&R's conclusion that equitable tolling is not warranted.

Finally, Rackley contends that the R&R erred in review of his arguments surrounding tolling related to his claim of actual innocence. However, Rackley's objections do nothing more than reiterate the same alleged evidence that the R&R reviewed and found lacking. Once again, Rackley asserts that cell tower records in some manner establish his innocence. Like the R&R, this Court finds Rackley "has produced no new evidence. And he has offered no evidence or

argument to support the threshold requirement that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Doc. 32 at 31. Accordingly, Rackley has shown no error in the R&R's review of his assertions surrounding actual innocence.

**I.      Conclusion**

Having found no merit to the objections raised by Rackley, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED in its entirety as barred by the statute of limitations.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

So ordered.

October 23, 2018                                              */s/ John R. Adams*
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE